91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rocky Lyle DEDMORE, Defendant-Appellant.
 No. 95-30197.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1996.*
Decided July 18, 1996.
 
 1
 Before: GOODWIN and BRUNETTI, Circuit Judges and KING**, District Judge.
 
 
 2
 MEMORANDUM***
 
 FACTS
 
 3
 On November 18, 1994, the Pioneer Federal Bank in LaGrande Oregon was robbed when the robber presented a note stating "Bank robbery. 50 and hundreds. Thank you." On November 24, 1994, a Plaid Pantry convenience store in Portland was robbed. Dedmore was identified as the robber. When Gresham Police contacted him in jail, he confessed to having committed the earlier bank robbery.
 
 
 4
 On February 28, 1995, Dedmore pled guilty to a one count indictment which charged him with bank robbery. The guideline range for Dedmore, a career offender, was 151 to 188 months. The plea agreement between the government and Dedmore stated that in exchange for Dedmore's guilty plea, the government agreed to recommend a three-level reduction for acceptance of responsibility and a sentence at the low end of the guideline range. Dedmore agreed to stipulate that he is a Career Offender, with the resulting guideline range of 151-188 months.
 
 
 5
 At sentencing the court indicated the only issue was where Dedmore was in the guideline range. The AUSA recommended the low end of the range, and stated that "151 months for Mr. Dedmore adequately takes into consideration all of the factors that the court needs to consider ..." Dedmore was sentenced on June 6, 1995 to 180 months.
 
 DISCUSSION
 
 6
 Dedmore argues that his plea was entered under Criminal Rule 11(e)(1)(C). The government argues that although a Rule 11(e)(1)(C) plea was discussed, one was never entered in this case, and that this was a plea "recommendation" under 11(e)(1)(B).
 
 
 7
 The law requires a defendant be given the opportunity to withdraw his plea if the court refuses to abide by a plea entered pursuant to Rule 11(e)(1)(C). The rule provides for a plea agreement where the parties "agree that a specific sentence is the appropriate disposition of the case." Fed.Crim.Rule Pro. 11(e)(1)(C).
 
 
 8
 It is clear that Dedmore's plea agreement was entered pursuant to Rule 11(e)(1)(B). Judge Marsh specifically told Dedmore that the court was not bound by the recommendations of the attorneys but would consider them. Judge Marsh also told Dedmore if he was unhappy with his sentence he could not withdraw his plea. Dedmore indicated he understood and his attorney did not challenge this.
 
 
 9
 The sentencing letter Dedmore's attorney submitted to the district court states that the "parties agree that Mr. Dedmore will be sentenced to 151 months incarceration on his federal conviction." The public defender repeated that "[t]he parties recommend a 151 month sentence" in a second letter to Judge Marsh. There is no mention of either subsection (B) or (C) of Rule 11(e)(1) in either letter.
 
 
 10
 The record reflects that Dedmore's plea was a subsection (B) plea. Defense counsel could have asked for clarification at the time of sentencing had there been any doubt about it. Because we find no error in sentencing we need not consider the government's submission of the transcript of the district court's hearing on the government's motion to correct the record on appeal.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3